**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|

PATRICIA A. FORD,            \*

   Plaintiff,             \*

v.               \*     **Case No.: PWG-15-2220**

MASTER SECURITY COMPANY, LLC,[1]  \*

   Defendant.           \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Ford filed suit against her employer, Master Security Company, LLC ("Master Security") on May 20, 2015, alleging retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Compl. 1, ECF No. 2. Ford felt that Master Security discriminated against her based on her sex and age by withholding her vacation pay and refusing to grant her request for a transfer to another job site, and that Master Security suspended her in retaliation for filing a claim with the Equal Employment Opportunity Commission ("EEOC") in August 2013. *See id.* Master Security moved to dismiss the original complaint, arguing that Ford failed to file the grievance procedure outlined in the Collective Bargaining Agreement ("CBA") that applied to her, and that Ford failed to exhaust her administrative remedies, as she had a pending EEOC charge. ECF No. 12. Ford opposed the motion, ECF Nos. 17, 20, 23, and amended her complaint, ECF No. 18. In her amended complaint, she again claims age and sex discrimination, as well as retaliation for filing an EEOC

---

[1]  Ford sued Defendant as "Master Security LLC Co.," but Defendant's correct name is Master Security Company, LLC. *See* Def.'s Mot. 1. The docket shall be updated to reflect Defendant's correct name.

claim on October 19, 2013, based solely on her employer withholding her vacation pay.  Am. Compl. 1.

Master Security then filed a pre-motion conference request, ECF No. 21, seeking to move to dismiss the amended complaint on the grounds that it failed to cure the deficiencies in the original complaint.  In Defendant's view, although Ford now attaches as an exhibit, Am. Compl. Ex. D, at 20, ECF No. 18-5, a June 12, 2013 grievance that she filed with the union at the Census Bureau, where she worked in 2013, she nonetheless failed to comply with the CBA because the grievance she filed was based on different alleged acts of discrimination (denial of overtime) than those she now alleges, and she still failed to exhaust administrative remedies.  I denied Master Security's original motion to dismiss as moot in light of the amended complaint and the pre-motion conference request, and I established a briefing schedule with regard to the proposed motion to dismiss.  ECF No. 25.

Now pending is Master Security's motion to dismiss on the basis that Ford failed to "plead that she arbitrated and grieved her statutory claims pursuant to the binding Collective Bargaining Agreement" and failed to exhaust her administrative remedies because an EEOC claim of hers still is pending. Def.'s Mem. 1, 3, ECF No. 26-1.[2]  Because Ford exhausted her administrative remedies with regard to the claims she brings in this lawsuit and sufficiently alleges that she did not have to comply with the CBA, Master Security's motion will be denied.

---

[2] The parties fully briefed the motion.  ECF Nos. 26, 26-1, 28, 29.  Defendant also incorporates its memorandum in support of its original motion to dismiss ("1st Mem.," ECF No. 12-1) into its pending motion by reference.  Additionally, Plaintiff filed a Motion to [File a] Surreply, attaching an October 27, 2015 letter from the Union to show that she was not a part of the Union.  ECF Nos. 30, 30-1.  Defendant opposes this motion.  ECF No. 31. A hearing is not necessary with regard to either motion.  *See* Loc. R. 105.6.  Because Plaintiff could not have provided the October 27, 2015 letter with the Opposition that she filed on October 19, 2015, I will accept her Surreply.

## Standard of Review

When deciding Master Security's motion to dismiss, I must accept the facts as alleged in Ford's amended complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Ford is proceeding *pro se*, and her amended complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Ford from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

 "'[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies.'" *Murphy v. Adams*, No. DKC-12-1975, 2014 WL 3845804, at *7 (D. Md. Aug. 4, 2014) (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). Because Master Security "contend[s] 'that [the] complaint simply fails to allege facts upon which subject matter jurisdiction can be based,' . . . 'the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive under a Rule 12(b) (6) consideration.'" *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010) (quoting *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982)), *aff'd*, 410 F. App'x 645 (4th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell*

3

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). In considering Master Security's motion to dismiss, I have looked only at those exhibits attached to Ford's pleadings or those exhibits attached to the parties' filings with respect to this motion that are integral to the amended complaint and whose authenticity has not been disputed.

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co*., 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at \*2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at \*2 (quoting *Evans*, 166 F.3d at 647).

### Failure to Exhaust Administrative Remedies

Master Security argues that "Plaintiff's failure to exhaust her administrative remedies with the EEOC prior to filing suit defeats her Complaint." Def.'s 1st Mem. 10. To exhaust her administrative remedies, Ford must have filed a charge with the EEOC. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see Jones v. Calvert Group, Ltd*., 551 F.3d 297, 300 (4th Cir. 2009). Ford has filed at least three Charges of Discrimination with the EEOC: 846-2013-49018 ("2013 Charge"), 570-2014-01533 ("2014 Charge"), and 570-2015-01387 ("2015 Charge"). Compl. Ex., at 1, 24–5, ECF No. 2-1; Am. Compl. Ex. D, at 2–18, 23, ECF No. 18-5; Def.'s 1st Mot. Ex. B, ECF No. 12-4; Pl.'s Opp'n Ex. 1, ECF No. 28-1.

Ford's claim that Master Security withheld her vacation pay appears in the 2014 Charge, in which she claimed that her employer discriminated and retaliated against her (for filing the 2013 Charge), in violation of Title VII and the Equal Pay Act, 29 U.S.C. § 206(d), between April 8, 2014 and May 27, 2014 by withholding her vacation pay. Pl.'s Opp'n Ex. 1, ECF No. 28-1. The Vacation Request Forms that Plaintiff attaches are for requests in April and July 2014. Am. Compl. Ex. D, at 31–33. With regard to the 2014 Charge, Ford exhausted her administrative remedies because the EEOC issued a right to sue letter on February 20, 2015. Am. Compl. Ex. D, at 23; Compl. Ex., at 1 ECF No. 2-1; *see Davis v. N. Carolina Dep't of Corr*., 48 F.3d 134,

140 (4th Cir. 1995) ("[R]eceipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite . . . ."). Further, her May 20, 2015 Complaint was timely. *See* 42 U.S.C. § 2000e-5(f)(1) (stating that, if the Commission dismisses a charge or decides not to file a civil action or enter into a settlement agreement, "the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved").[3]

Nonetheless, Master Security contends that this suit is subject to dismissal because Ford "has a pending EEOC Charge which contains allegations that she is simultaneously trying to litigate in this Court." Def.'s Mem. 3. It is true that administrative proceedings must conclude before this Court may exercise jurisdiction. *See Davis*, 48 F.3d at 140. It also is true that, in the 2015 Charge, Ford alleged sex and age discrimination and retaliation between January 9, 2015 and January 29, 2015, in violation of Title VII and the ADEA based on the denial of her transfer request, Def.'s 1st Mot. Ex. B, ECF No. 12-4, and Ford raised similar allegations in her original complaint. As noted, her amended complaint refers only to the withholding of vacation pay, not the denial of her transfer request. Still, arguably, Ford could have brought these claims in this Court following receipt of a right-to-sue letter for her 2015 Charge. *See Thoopsamoot v. Reg'l Servs. Ctr.*, No. PWG-13-1663, 2014 WL 1120239, at *6 (D. Md. Mar. 19, 2014) ("The Fourth Circuit has 'found exhaustion where . . . both the EEOC charge and the complaint included

---

[3] Ford attached the 2013 Charge to her original and amended complaint, Compl. Ex., at 24; Am. Compl. Ex. D, at 17, but this lawsuit cannot be based on that charge. Master Security asserts, and Ford does not contest, that "[t]he EEOC issued a Right to Sue letter in Charge No. 846-2013-49018 [the 2013 Charge] on February 18, 2014, and Plaintiff did not file suit within 90 days of that letter." Def.'s Mem. 2 n.1. Thus, any claim based on allegations in the 2013 Charge would be subject to dismissal. *See Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 787 (D. Md. 2013) (concluding that plaintiff who "failed to file a civil suit during the 90–day period indicated in the right-to-sue letter issued in response to his … charge of discrimination" could not thereafter "make claims based on the allegations in that charge"; citing 42 U.S.C. § 2000e–5(f)(1)).

claims of retaliation by the same actor, but involved different retaliatory conduct.' Here, Plaintiff's new claims of discrimination and retaliation involve 'the same actor, but . . . different . . . conduct.' Thus, they reasonably follow from the facts alleged in Plaintiff's EEOC complaint. Therefore, Plaintiff has not failed to exhaust her administrative remedies by failing to include allegations about Defendant's failure to promote or hire her in her EEOC complaint." (quoting *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012)).   But, Defendant has not identified, and my independent research has not uncovered, any case law holding that a pending EEOC charge that later could fulfill the requirement that a plaintiff exhaust her administrative remedies negates a different EEOC charge for which a right-to-sue letter already has issued.

In sum, Ford cannot proceed on the claims from her 2013 Charge or her 2015 Charge, but she has exhausted her administrative remedies with regard to her claims in her 2014 Charge based on withheld vacation pay.  Therefore, this Court has subject matter jurisdiction over Ford's case.

### Failure to Comply with Collective Bargaining Agreement

Master Security also contends that Ford was obligated to comply with a collective bargaining agreement and failed to do so, such that this Court cannot grant her claim for relief. Def.'s Mem. 1–2.  According to the employer,

> Master Security and International Union, Security, Police, and Fire Professionals of America ["SPFPA" or "Union"] were parties to a Collective Bargaining Agreement (the "CBA" . . .), covering a bargaining unit of security officers at the Customs and Border Protection ("CBP") site where Plaintiff was employed. It is effective January 8, 2014, to January 31, 2016. At all times when employed at the CBP, Plaintiff was a member of the bargaining unit covered by the CBA. The CBA contains a mandatory grievance and arbitration provision which requires that all claims of violations of federal statutes be processed and arbitrated pursuant thereto.

Def.'s 1st Mem. 2–3.  It is true that, at the time of the alleged discrimination and retaliation, Ford

worked at the Customs and Border Protection site in Virginia.  Am. Compl. Ex. D, at 31–33.

Ford does not dispute the existence of the CBA in effect at the Customs and Border

Protection site.  Indeed, she attaches it to her Amended Complaint.  Am. Compl. Ex. E, ECF No.

18-6.  The CBA provides that it covers "all full-time and regular part time armed security guards

employed by [Master Security]," with exceptions not relevant here.  CBA art. I, § 1. Specifically,

it covers "employees who are members of the Union" as well as "employees covered by this

Agreement who are not members of the Union and choose not to become members of the

Union."  *Id.* art. II, § 1(a).  Although the CBA requires payment of dues or, for non-members,

"an agency fee," Virginia's right to work law proscribes required payments by employees.  *See*

Va. Code Ann. § 40.1-62 ("No employer shall require any person, as a condition of employment

or continuation of employment, to pay any dues, fees or other charges of any kind to any labor

union or labor organization.").  Thus, the CBA appears to cover all employees at the Virginia

site, regardless whether they paid dues or agency fees.

The CBA proscribes discrimination based on, *inter alia*, sex and age, and requires

compliance with, *inter alia*, Title VII and the Equal Pay Act.  Art. III. It provides that any claim,

such as Ford's, that Master Security has discriminated in violation of Title VII or the Equal Pay

Act, "shall be resolved pursuant to the grievance and arbitration provisions of [the CBA]."  *Id.*

The grievance provision of the CBA requires that "[t]he grievance . . . be reduced to writing on a

standard grievance form" and timely "given to the Project Manager." *Id.* art. VIII, § 1(a).  If it is

not resolved, it then may be presented to the Director of Government Operations and then to the

Senior Vice-President of Operations, and then finally referred to arbitration.  *Id.* § 1(b)–(c).

Ford does not claim to have complied with the CBA. Rather, she insists that her supervisor, Captain Anderson, did not advise her that "Health and Human Services had a Union and [she] should file a grievance with them first." Am. Compl. 1. Ford alleges that, to the contrary, "Capt. Anderson told all of the officers at Health and Human Services that[] [they] had no Union Bargaining Agreement at Health and Human Services at 200-C Street." *Id.* But, as noted, during the time period at issue Ford worked at Customs and Border Protection site in Virginia, not the Health and Human Services site in Washington, D.C. In her amended complaint, Ford does not address the relevant collective bargaining agreement.

Yet, in her Opposition, she insists that the CBA between SPFPA and Master Security does not apply to her, based on three conversations she had with "[t]he representatives who answered the Union customer line" and told her that she "could not be assisted with anything because [she] was not paying dues." Pl.'s Opp'n 1.[4] She contends that she "could not follow the grievance policy . . . because [she] was denied representation from the Union in the past while at CBP." *Id.* Ordinarily, a plaintiff cannot amend a complaint through an opposition to a motion to dismiss. *See Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). But, given that Ford is proceeding pro se and I must construe her filings liberally, *see Haines*, 404

---

[4] Plaintiff identifies a letter she received from the Union on October 27, 2015, "writing to let [her] know about the benefits of becoming a member of the SPFPA," as further support for her position that she believed that the Union would not represent her. ECF No. 30-1. Yet, this October 2015 letter could not have helped form her belief in 2014, when she did not file the grievance procedures under the CBA. Moreover, the letter also states that "all employees negotiate together through the union" and that "You and your co-workers are the 'Union.'" *Id.* And, the letter informed her: "Unless you work in a 'right to work' state, the collective bargaining agreement which provides you with benefits and job security has a 'union security' provision which requires you either to join the union, or pay an amount equivalent to the portion of union dues used for representational purposes." *Id.* Thus, the letter does not show that the CBA does not apply to Ford. Instead, it demonstrates that the CBA did apply, regardless whether she paid dues. *See id.*

U.S. at 520, I will treat her Opposition as a supplement to her amended complaint.  *See* Fed. R. Civ. P. 1.

Master Security counters that, if the Union refused to represent her, "she should assert those claims against her Union," as "[s]uch an allegation has nothing to do with her inability to follow the CBA requirements of, among other things, submitting her grievances in writing and arbitrating instead of filing a lawsuit."  Def.'s Reply 2.  Master Security does not, however, provide any case law in support of its position that the CBA applies to an employee, despite Union representations to the contrary.  Thus, accepting Ford's allegations as true,[5] as I must, *see Aziz*, 658 F.3d at 390, it is not clear that Ford had to comply with the CBA.  Therefore, Master Security's motion to dismiss for failure to comply with the CBA is denied.

## Leave to Amend

Ford also requests leave to amend to correct her "human error" in which she "misstated the statute" as Title VII instead of the Equal Pay Act.  Pl.'s Opp'n 2.  Whether to grant a motion for leave to amend is within this Court's discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."   The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

---

[5] Defendant is, of course, entitled to discovery to pursue its theory that the CBA obligated Plaintiff to follow its grievance and arbitration procedures prior to filing suit, and may file a summary judgment motion on this basis, if a sufficient foundation exists for doing so at the end of discovery.

Notably, the 2014 Charge was based on the Equal Pay Act as well as Title VII.  *See* Pl.'s Opp'n Ex. 1.  And, while Master Security argues futility, based on its belief that Ford's amended complaint is subject to dismissal for failure to exhaust administrative remedies and comply with the CBA, the preceding analysis shows that these claims are not futile.  At this juncture, where Master Security has not yet answered and the amendment does not affect Master Security's dismissal argument, there is no prejudice.  And it is not bad faith to seek to correct human error.  Therefore, it would be appropriate for Ford to amend for the limited purpose of substituting "Equal Pay Act" for "Title VII," as she has requested.  *See Foman*, 371 U.S. at 182; *MTB Servs.*, 2013 WL 1819944, at *3.  To accomplish this efficiently, I will interpret all references to "Title VII" in the Amended Complaint to read "Equal Pay Act, 29 U.S.C. § 206(d)."  *See* Fed. R. Civ. P. 1.  No amended complaint shall be filed.

## ORDER

Accordingly, it is, this <u>3rd</u> day of <u>May</u>, <u>2016</u>, hereby ORDERED that

1. Plaintiff's Motion to File a Surreply, ECF No. 30, IS GRANTED;

2. Defendant's Motion to Dismiss, ECF No. 26, IS DENIED;

3. Plaintiff's request to amend, included in her Opposition, ECF No. 28, IS GRANTED as follows:

   a. All references to "Title VII" in the Amended Complaint will be read as "Equal Pay Act, 29 U.S.C. § 206(d)";

   b. No amended complaint shall be filed;

4. Defendant's Answer IS DUE May 17, 2016;

5.   The Clerk SHALL CORRECT the docket to reflect Defendant's proper name, Master

Security Company, LLC; and

6.   The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiff.


_____/S/_____

Paul W. Grimm
United States District Judge

lyb